**United States Court of Appeals for the Tenth Circuit**
OFFICE OF THE CLERK
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303)844-3157

Elisabeth A. Shumaker
Clerk of Court

Douglas E. Cressler
Chief Deputy Clerk

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 19 2007

GREGORY C. LANGHAM
CLERK

July 18, 2007

Mr. William Gilmore
Arkansas Valley Correctional Facility
#63549
P.O. Box 1000
Crowley, CO 81034

    Re:    07-1229, Gilmore v. Archuleta
           Dist/Ag docket:  07-cv-834-ZLW,

Dear Appellant:

    Enclosed is a copy of an order entered today in this case.

    Please contact this office if you have questions.

                              Sincerely,

                              Elisabeth A. Shumaker
                              Clerk, Court of Appeals

                          By:
                                Deputy Clerk

clk:sds

cc:
    Gregory C. Langham, Clerk

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

In re: William Gilmore,

Movant.

No. 07-1229
(D.C. No. 07-CV-834-ZLW)

ORDER
Filed July 18, 2007

A true copy
Teste

Elisabeth A. Shumaker
Clerk, U.S. Court of
Appeals, Tenth Circuit
By _____
Deputy Clerk

Before HARTZ, O'BRIEN, and HOLMES, Circuit Judges.

Movant William Gilmore, a Colorado state inmate proceeding pro se, has filed a motion for authorization to file a second or successive 28 U.S.C. § 2254 habeas corpus petition under 28 U.S.C. § 2244(b). We deny authorization because Gilmore's proposed petition does not raise a claim that can be authorized under 28 U.S.C. § 2244(b)(2).

Gilmore pleaded guilty in 1994 to second-degree murder and aggravated robbery. He filed a § 2254 petition collaterally challenging that conviction in 2004. The district court denied his § 2254 petition as time-barred under 28 U.S.C. § 2244(d), *Gilmore v. Arapahoe County Dist. Ct.*, No. 04-cv-1698 (D. Colo. Sept. 24, 2004), and Gilmore did not file an appeal.

Gilmore filed a second § 2254 petition in federal court in April 2007. Having no jurisdiction to entertain a § 2254 petition without authorization from

the appropriate circuit court, the district court transferred the matter to this court. *See Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997) (per curiam); 28 U.S.C. § 2244(b)(3). Gilmore has now filed a motion requesting authorization to file a second or successive § 2254 petition.

Gilmore first wishes to assert a claim that he was taking several medications, including a sleeping medication, during his plea hearing and, as a result, he should have been given a competency evaluation. Gilmore raised essentially this same claim in his first § 2254 petition, claiming that his constitutional rights were violated because he was on these medications during his plea hearing. *See Gilmore*, No. 04-cv-1698, Petition at 5; Motion for Authorization at 4. This court is permitted to authorize second or successive habeas petitions relying on new, retroactive rules of constitutional law, 28 U.S.C. § 2244(b)(2)(A), or asserting constitutional errors predicated on newly discovered facts that clearly show the applicant's innocence, *id.* § 2244(b)(2)(B), *but only with respect to* "[a] claim . . . that was not presented in a prior application," *id.* § 2244(b)(2). Thus, we cannot grant Gilmore authorization to proceed on this claim.

Gilmore also wants to assert a claim that there was an inordinate and inexcusable delay by the Colorado courts in adjudicating his state post-conviction motions. Gilmore previously attempted to raise this claim in a § 2254 petition in the federal district court. *Gilmore v. Arapahoe County Dist. Ct.*, No. 04-cv-1074

(D. Colo. Jul. 1, 2004). That petition was denied because Gilmore's claim, which seeks to challenge the adequacy of the State's post-conviction proceedings, is not cognizable in a § 2254 petition. *Id.* at 2. Gilmore did not appeal that ruling. This court is only empowered under § 2244(b) to authorize a second or successive § 2254 petition and, as the district court previously explained to Gilmore, his proposed claim does not challenge his state conviction and does not assert a cognizable § 2254 claim. Accordingly, we cannot grant Gilmore authorization to proceed on this claim.

Accordingly, we DENY Gilmore leave to file a second or successive § 2254 petition. This denial of authorization is not appealable and may not be the subject of a petition for rehearing or for a writ of certiorari. *See* 28 U.S.C. § 2244(b)(3)(E).

>
> Entered for the Court
> ELISABETH A. SHUMAKER, Clerk
>
>
> By:
> Deputy Clerk